UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KIMSEY CHESTER, | ) | | |
|---|---|---|---|
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:19-cv-00240 |
| | ) | | REEVES/GUYTON |
| JEFFERSON COUNTY, TENNESSEE, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On August 12, 2019, the Court screened Plaintiff's complaint and entered an order requiring Plaintiff to complete a service packet and return it to the Court within twenty days of receipt of the order [Doc. 12 p. 4]. The Court also warned Plaintiff that failure to timely comply with the order and/or failure to keep the Court informed of his address could lead to the dismissal of this action [*Id*. at 5].

On August 20, 2019, Plaintiff submitted a change of address to the Court [Doc. 13]. On August 28, 2019, the Court's August 12, 2019, order was returned as "Undeliverable" [Doc. 15]. On the same date, the Clerk resent a copy of the Court's order to the address Plaintiff supplied the Court on August 20, 2019 [*Id.*]. More than a month has passed, and that mail has not been returned. Plaintiff has not complied with the Court's order or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the order and chose not to respond. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendant.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding proceed *in forma pauperis* [Doc. 12], and he lacks the financial resources for the Court to impose monetary sanctions.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**